IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **JUSTIN RAY MILLER, # 637028,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01169 |
| | ) | |
| **REBECCA REYES,** *et al.*, | ) | JUDGE CAMPBELL |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Justin Ray Miller, who is currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, filed a pro se Complaint alleging violations of his civil rights while he was in custody of the Sumner County Jail. (Doc. No. 1). Plaintiff has also filed an Application for Leave for Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2) and several motions that are now before the Court.

I. **Filing Fee**

Plaintiff filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application and supporting documentation, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 2) will be granted.

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder

1

in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the

custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

## II. Motions

Plaintiff filed a motion to amend his complaint (Doc. No. 6), but he then filed a motion to withdraw the motion to amend (Doc. No. 7). The motion to withdraw (Doc. No. 7) will be granted, and the motion to amend (Doc. No. 6) will be denied without prejudice.

Plaintiff has also filed a Motion to Consolidate Cases. (Doc. No. 5). This motion will be denied without prejudice. As explained below, Plaintiff's Complaint already includes claims against improperly joined Defendants. Consolidating this case with other cases brought by Plaintiff would only compound the deficiency.

Finally, Plaintiff has filed a motion to dismiss Defendants Allyson Abbott, Jennings Jones, Rutherford County Adult Detention Center, and Rutherford County Sheriff's Office. (Doc. No. 15). "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Plaintiff's motion to dismiss these Defendants (Doc. No. 15) will be granted. All claims against these Defendants will be dismissed without prejudice.

## III. Improperly Joined Defendants

A preliminary examination of the Complaint reveals that it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of

"unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017). "Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Here, Plaintiff's complaint includes the following claims:

- a claim against Officer Rebecca Reyes for failing to provide him a meal based on what Plaintiff alleges was religious animus (Doc. No. 1 at 12);

- a claim against Officer Christopher Nored for threatening Plaintiff, after Plaintiff attempted to submit a grievance against Officer William Franzel, who allegedly committed an unspecified violation of the Prison Rape Elimination Act (PREA) (*id.* at 13−14);

- a claim against Officer Franzel for retaliating after Plaintiff attempted to submit a grievance against him (*id.* at 13−14);

- claims against Officers Brian Layhew, Rebecca Jorgenson, and Carly O'Donnell, for preventing Plaintiff from sending emails to a friend and multiple news outlets about the alleged PREA violation (*id.* at 16−18);

- a claim against Officer Alexander Luna for refusing to pick up Plaintiff's meal tray, which later caused Plaintiff to slip and fall (*id.* at 19−21);

- a claim against Officer Cameron Callaway for not staying with Plaintiff for the 10 minutes it took medical staff to arrive to treat Plaintiff's slip-and-fall injuries (*id.* at 20−21);

- a claim against Officer Jamal Smith for leaving an outgoing item of Plaintiff's legal mail unattended in the hallway (*id.* at 22);

- a claim against Officer Jennifer Parker for a single instance of failing to provide Plaintiff's "misery meds" (*id.* at 24−25);

- claims against Officers Andrew Carden and Richard Silvia for delivering Plaintiff's legal mail after it had been opened outside Plaintiff's presence (*id.* at 27−28);

- a claim against Officer Curtis Little for assigning Plaintiff to solitary confinement, where he was unable to shower, for 10 days; and

- a claim against Sheriff Mike Fitzhugh for not responding to Plaintiff's letters complaining about the above events (*id.* at 32).

Pleadings such as these are typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Entertaining Plaintiff's pleadings in their present form would contravene the Federal Rules and impermissibly complicate the litigation of this case. Accordingly, if Plaintiff wishes to proceed in this action, he must file an amended complaint in compliance with the Federal Rules.

### IV. Conclusion and Required Action

Plaintiff's IFP Application (Doc. No. 2) is **GRANTED**. Plaintiff's motion to withdraw (Doc. No. 7) and motion to drop defendants (Doc. No. 15) are **GRANTED**. The Clerk is **DIRECTED** to terminate Allyson S. Abbott, Jennings H. Jones, Rutherford County Adult Detention Center, and Rutherford County Sheriff's Office as Defendants on the docket.

Plaintiff's motion to amend (Doc. No. 6) and motion to consolidate (Doc. No. 5) are **DENIED** without prejudice.

Plaintiff **MUST** file a proper amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert all the claims he has against a single Defendant, regardless of whether the claims arise from the same incident or incidents; or, he can assert the claims he has against multiple Defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to the claims of his current pleadings that fall

outside the scope of this required amendment, Plaintiff may still pursue them but must file separate lawsuits to do so. *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he should use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case, **3:24-cv-01169**, on the first page of his amended complaint.

Plaintiff may request an extension of time to comply with this Order if he requests an extension in writing before the deadline. Plaintiff is warned that if he does not comply with this Order within the time specified, the Court may dismiss this action for failure to prosecute and failure to comply with Court orders.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE